IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

ANDREW LANZ, #1830007          §
                               §
VS.                            §          CIVIL ACTION NO. 4:16cv173
                               §
DIRECTOR, TDCJ-CID             §

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Andrew Lanz, an inmate confined in the Texas prison system, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

## BACKGROUND

Petitioner is challenging his Denton County conviction for aggravated assault of a public servant, Cause No. F-2011-2516-C (Count2). On August 2, 2012, after pleading guilty, a jury sentenced him to 28 years' confinement. Petitioner appealed his conviction, but the Thirteenth Court of Appeals affirmed, and the Texas Court of Criminal Appeals refused his petition for discretionary review. Petitioner then filed an application for writ of certiorari with the Supreme Court of the United States, which was denied on October 14, 2014. Additionally, Petitioner filed a state post-conviction application for a writ of habeas corpus on July 21, 2015, which the Texas Court of Criminal Appeals denied without written order on October 14, 2015.

The present petition for a writ of habeas corpus was initially filed in the Northern District of Texas, Amarillo Division on March 2, 2016. It was then appropriately transferred to this court. Petitioner alleges that he is entitled to relief based on ineffective assistance of counsel and because his guilty plea was unknowing and involuntary. The Government was not ordered to file a response. Petitioner concedes that his petition is untimely, but argues that he is entitled to equitable tolling.

1

## ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was signed into law. The law made several changes to the federal habeas corpus statutes, including the addition of a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The AEDPA provides that the one-year limitations period shall run from the latest of four possible situations:

A.     The date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review;

B.     The date an impediment to filing created by the State is removed;

C.      The date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D.     The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. at § 2244(d)(1)(A)-(D). The AEDPA also provides that the time during which a properly-filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *Id*. at 2244(d)(2).[1]

In the present case, the Supreme Court denied Petitioner's writ of certiorari review on October 14, 2014. When a state criminal defendant files a timely petition for writ of certiorari review on direct appeal and that petition is subsequently denied by the Supreme Court, the state judgment of conviction becomes final for purposes of the one-year limitation period set forth in § 2244(d)(1). *Jimenez v. Quarterman*, 555 U.S. 113, 120, 129 S. Ct. 681, 685, 172   L. Ed.2d 475 (2009) (judgment is final on the date that the Supreme Court denies defendant's petition for writ of certiorari on direct review). In this case, the Supreme Court denied Petitioner's petition for writ of

---

[1]The Fifth Circuit discussed the approach that should be taken in applying the AEDPA one year statute of limitations in *Flanagan v. Johnson*, 154 F.3d 196 (5th Cir. 1998) and *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998).

certiorari on October 14, 2014; thus, Petitioner's § 2254 petition had to be filed with this court no later than October 14, 2015. Petitioner did not file his petition until March 2, 2016.

The provisions of 28 U.S.C. § 2244(d)(2) provide that the time during which a properly-filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. Petitioner filed his state post-conviction application for writ of habeas corpus on July 21, 2015, and it was denied without written order on October 14, 2015. Consequently, his petition was tolled for 85 days, resulting in a revised limitations deadline of January 7, 2016. Petitioner filed the instant habeas petition on March 2, 2016 – 55 days beyond the limitations period. Thus, the petition is barred unless Petitioner shows that he is entitled to equitable tolling.

**Equitable Tolling Standard**

The United States Supreme Court confirmed that the AEDPA statute of limitation is not a jurisdictional bar, and it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. —, 130 S. Ct. 2549, 2560, 177 L. Ed.2d 130 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 130 S. Ct. at 2562). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 20902). The petitioner bears the burden of proving that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir.1998). In order to qualify for such equitable tolling, the petitioner must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998). In making this determination, it should be noted that the Fifth Circuit has expressly held that proceeding *pro se,* illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual

innocence are insufficient reasons to equitably toll the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.2000).

As a general rule, equitable tolling has historically been limited to situations where the petitioner "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed.2d 435 (1990). Furthermore, equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the Court is aware that dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas*, 517 U.S. 314, 324, 116 S. Ct. 1293, 134 L. Ed.2d 440 (1996).

**Discussion**

In this case, Petitioner has not shown a valid basis upon which to equitably toll the statute of limitations. He concedes that his petition is untimely, but argues that numerous jail transfers between September 29, 2015 and February 1, 2016 caused him to untimely file. However, he presents nothing to show what prevented him from filing in the 11 ½ months between October 14, 2014 and September 29, 2015. Petitioner fails to show "rare and exceptional circumstances," *Davis*, 158 F.3d at 810-11, or due diligence, *Mathis*, 616 F.3d at 474. Equitable tolling is not intended for those who "sleep on their rights." *Id*. 616 F.3d at 474.

## CONCLUSION

Petitioner filed his habeas corpus petition 55 days beyond the limitations deadline. He makes no showing that unconstitutional State action prevented him from seeking administrative or state or federal habeas corpus relief in a timely manner. Neither does he show that he is asserting a newly recognized constitutional right. Nor does he show that he could not have discovered the factual predicates of his claims through exercise of due diligence until a later time. Furthermore, Petitioner

shows no basis upon which the limitations period should be equitably tolled. He fails to show "rare and exceptional circumstances." *Davis*, 158 F.3d at 811. He also fails to show due diligence. *Mathis*, 616 F.3d at 474. Consequently, the petition should be denied as time-barred.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this court, nonetheless, address whether Petitioner would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*.; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

It is respectfully recommended that reasonable jurists could not debate the denial of

Petitioner's § 2254 petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 134, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that the court find that Petitioner is not entitled to a certificate of appealability.

## RECOMMENDATION

It is recommended that the above-styled petition for writ of habeas corpus be denied and that this case be dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 10th day of March, 2016.**


_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE